IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLST HOLDINGS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-09CV00291-P |
| | § | |
| RED OAK PARTNERS, LLC; | § | |
| RED OAK FUND, L.P.; | § | |
| PINNACLE PARTNERS, LLC; | § | |
| PINNACLE FUND LLLP; | § | |
| BEAR MARKET OPPORTUNITY | § | |
| FUND, L.P.; and | § | |
| DAVID SANDBERG, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

In response to Plaintiff's Motion to Dismiss its claims without prejudice and with each party to bear its own fees and costs, defendants state as follows:

### BACKGROUND

Plaintiff CLST Holdings, Inc. ("CLST") filed this action seeking to prevent defendants (collectively "Red Oak") from voting their shares of CLST stock at the company's next annual meeting. CLST claimed various disclosure and other violations under the Securities Exchange Act of 1934 in connection with a battle for corporate control between CLST and Red Oak (who is CLST's largest shareholder) that continues to this day. Plaintiff sought and obtained expedited discovery in aid of its motion for a preliminary injunction. The briefing on plaintiff's motion for a preliminary injunction was completed on August 14, 2009. On October 13, 2009, this Court denied in full plaintiff's request for a preliminary injunction.

1

Since the October timeframe of this Court's Order denying a preliminary injunction, dramatic events have occurred that relate to the dispute between Red Oak, CLST, and CLST's entrenched managers. These recent events include allegations in a suit filed by the United States Department of Justice that CLST's chairman, Timothy Durham, perpetrated a Ponzi scheme through Fair Finance Company, which Durham owns and controls. This is the same Fair Finance Company that Durham caused CLST to conduct multi-million dollar transactions with recently, *transactions for which CLST has been declared to be in default within the last two months.* Red Oak believes Durham foisted these disastrous transactions upon CLST as part of his desperate attempt to find cash to prop up his Ponzi scheme.

Notably, the annual meeting of CLST shareholders that prompted CLST's ill-advised lawsuit and unwarranted motion for preliminary injunction has still not been held. Instead, CLST has found various excuses to postpone the annual meeting, in obvious fear that Red Oak will prevail in an election of directors. Those delays, however, have placed the shoe on the other foot. Now it is Red Oak who seeks to compel CLST to make corrective disclosure in several respects of issues that have only recently surfaced.

Red Oak is filing concurrently herewith its Combined Motion For Leave To Amend, To Vacate The Scheduling Order And To Continue The Trial Date ("Combined Motion"). As described therein, Red Oak seeks leave to add counterclaims and third-party claims to compel accurate disclosure to CLST shareholders concerning matters that have come to light only recently. Further, Red Oak's proposed counterclaims include a claim for securities fraud in connection with Red Oak's purchases of CLST stock. In addition, Red Oak is filing simultaneously herewith its motion for an award of attorneys' fees and costs. As a result, Red

2

Oak respectfully opposes CLST's Motion to Dismiss. Red Oak suggests that the Motion to Dismiss should be denied pending the Court's determination of Red Oak's Combined Motion and its motion for fees and costs.

## ARGUMENT

Whether to grant a plaintiff's motion for voluntary dismissal under Rule 41(a) over defendant's objection is left to the discretion of the trial court and, as noted in plaintiff's motion to dismiss, requires an assessment of the prejudice to the defendant that may arise from a dismissal. "Important in assessing prejudice is the stage at which the motion to dismiss is made. Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." *Hartford Acc. & Ind. Co. v. Costa Lines Cargo Service, Inc.,* 903 F.2d 352, 360 (5th Cir. 1990).

Here, the case was filed almost eleven months ago. The parties litigated the issue of expedited discovery (the magistrate judge held a hearing and allowed only a portion of the discovery requested by CLST), conducted mutual expedited discovery (including depositions), litigated the propriety of asserting supplemental state law claims in this case (Red Oak's motion to reject supplemental jurisdiction was denied with leave to renew if so desired), and litigated the propriety of CLST's proposed second amended complaint (CLST's motion for leave to file a second amended complaint was denied). Hearings were held on all of these contested matters. Finally, CLST's motion for preliminary injunction was exhaustively briefed, and then denied.

CLST's motion to dismiss was not filed "until a late stage," almost three months after its motion for preliminary injunction was already denied and barely three months before trial.

3

"[T]he defendants expended significant time and effort litigating this action and [plaintiff] was far less than prompt in seeking voluntary dismissal." *Id.* at 361. *Cf. Yeomon v. Blockmon Morring Steamatic of San Antonio*, 2005 WL 3454113 *2, W.D.Tex. 2005 (noting denials of Rule 41(a) motion where court has issued a ruling "demonstrating a weakness in Plaintiff's case"); *Davis v. Huskipower Outdoor Equipment Corp.,* 936 F.2d 193, 199 (5th Cir. 1991) (affirming denial of 41(a)(2) motion when parties had filed numerous pleadings and memoranda, had attended conferences, and after magistrate had issued comprehensive recommendation adverse to plaintiffs).

Perhaps more importantly, CLST's motion to dismiss was not filed until after numerous events occurred in late 2009 that turned this dispute on its head and starkly point to CLST as the party who committed securities fraud and violated the disclosure requirements of the Securities Exchange Act. These recent events are discussed in the Combined Motion filed simultaneously herewith, a summary of which includes the following: (1) the Federal Bureau of Investigation raided various business offices of Timothy Durham, CLST's chairman and the owner of Fair Finance Company; (2) the Department of Justice accused Durham in federal district court in Indiana of running a Ponzi scheme through his Fair Finance Company, a company to which Durham compelled CLST to send millions of dollars in dubious self-dealing transactions that are now already in default; (3) the Securities and Exchange Commission served numerous subpoenas on CLST, Durham and Durham's colleagues on CLST's board of directors for documents relating to, *inter alia*, the self-dealing transactions between CLST and Durham's other companies. As implicated in these accusations and investigations, and as reflected in defendants' proposed counterclaims and third-party claims, substantial issues have arisen

4

concerning *plaintiff's* compliance with the federal securities laws. This case should not be dismissed until plaintiff's compliance with federal law (and the compliance of its directors) has been addressed and resolved.

If this case is dismissed, Red Oak must initiate a new lawsuit for securities fraud and to compel corrective disclosure. Judicial economy will not be served. This is the forum, and now is the time, to address the issues of compliance with the federal securities laws – just as plaintiff has argued from the outset. [1]

Finally, Red Oak is concurrently filing a motion for an award of attorneys' fees and costs pursuant to Fed.R.Civ.P. 11. As explained therein, CLST pursued a preliminary injunction to sterilize Red Oak's shares despite direct Fifth Circuit authority expressly rejecting such relief. Red Oak complied with the requirements of Rule 11(c)(2) for preserving its motion for sanctions. Red Oak is now asking this Court to impose sanctions on CLST. Thus, in addition to the reasons discussed above, CLST's motion to dismiss should not be granted until, at a minimum, the issue of Rule 11 sanctions is resolved.

WHEREFORE, for the foregoing reasons, defendants respectfully request that CLST's motion to dismiss under Rule 41(a) be denied pending resolution of Defendants' Combined Motion For Leave To Amend, To Vacate The Scheduling Order And To Continue The Trial and resolution of defendants' motion for sanctions under Rule 11.

---

[1] It has been noted that the prospect of a future lawsuit is not alone sufficient to deny a motion for voluntary dismissal. *See Davis*, 936 F.2d at 199. This typically refers, however, to the fact that a dismissal without prejudice exposes the defendant to a possible second lawsuit if the plaintiff refiles its case again in the future. Here, additional litigation is not hypothetical – it is concrete and is reflected in defendants' proposed counterclaims, which defendants believe should be addressed in this action.

Dated:  January 20, 2009.

Respectfully submitted,

**SANDER INGEBRETSEN & WAKE, P.C.**
*Original Signature on File*

s/Daniel F. Wake
Daniel F. Wake
1660 17th Street, Suite 450
Denver, Colorado  80202
Telephone: (303) 285-5544
Facsimile: (303) 285-5301
Email: dwake@siwlegal.com

**SULLIVAN & COOK. LLC**
Frank P. Skipper
Texas State Bar No. 18471200
2301 Cedar Springs Road, Suite 200
Dallas, TX  75201
Telephone:  (214) 520-7494
Facsimile:  (214) 528-6925
Email:  fskipper@sillivancook.com

**ATTORNEYS FOR DEFENDANTS**

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January 2009, I served the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Mark T. Josephs
Andrew D. Graham
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, TX  75202

*Original Signature on File*

s/ Patty Bates

7